## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBIN FORMATO, | No. 3:19-CV-02237 |
| Plaintiff, | (Judge Brann) |
| v. | |
| MOUNT AIRY #1, LLC d/b/a MT. AIRY CASINO & RESORT, | |
| Defendant. | |

## MEMORANDUM OPINION

### AUGUST 4, 2021

### I.   BACKGROUND

On December 31, 2019, Robin Formato sued Mount Airy #1, LLC d/b/a Mt. Airy Casino & Resort ("Mount Airy") alleging that it retaliated against her for raising a complaint of harassment and that it intentionally and/or negligently subjected her to emotional distress.[1]  Mount Airy moved to dismiss Formato's complaint.[2]  The Court dismissed the emotional distress claim and allowed the retaliation claim to proceed.[3]

---

[1]   Doc. 1.
[2]   Doc. 6.
[3]   Doc. 16.

On January 5, 2021, Formato notified the Court that her complaint was mistakenly filed after the limitations period.[4]  She has moved to apply equitable tolling.[5]  That motion is now denied.

## II.   FACTS

From approximately June 2014 to March 2019, Formato was employed by Mount Airy.[6]  Formato asserts that her supervisor touched her inappropriately on several occasions.[7]  After reporting these incidents, Formato contends that her work was overly scrutinized and that she was informed that management was waiting for her to make a mistake so that Mount Airy could terminate her.[8]  Further, Formato says that Mount Airy denied her request for time off while approving the requests of other employees, that she was disciplined for "turning her back on a table game," and that Mount Airy ignored her when she requested help with rude patrons.[9]

The parties agree to the following series of events.  On December 19, 2018, Formato filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").[10]  Almost a year later, on September 24, 2019, the EEOC emailed Kathryn Hatfield, Formato's former attorney, explaining that the EEOC's

---

[4]   Doc. 26.
[5]   Doc. 30.
[6]   Doc. 31 at 6.
[7]   Doc. 1 at ¶ 13.
[8]   *Id.* at ¶ 16.
[9]   *Id.* at ¶¶ 17-19.
[10]  Doc. 31 at 10; Doc. 32 at 4.

investigation did not establish a violation of Title VII.  The EEOC then sent a right-to-sue letter to Formato and Attorney Hatfield explaining that Formato could file suit within ninety days of her receipt of the letter.[11]  Two days later, Attorney Hatfield received the right-to-sue letter.[12]  The following day, Attorney Hatfield emailed Formato a copy of the right-to-sue letter.[13]  On October 7, 2019, Attorney Hatfield received a second right-to-sue letter that was presumably delayed because it was sent to an incorrect address.[14]  On December 31, 2019, Formato filed her complaint against Mount Airy.

Formato provides the following explanation for the filing of her untimely complaint, through a statement submitted by Ms. Hatfield.  Attorney Hatfield states that she recalls neither receiving the first right-to-sue letter on September 26, 2019 nor sending Formato a copy of the letter the next day.[15]  In addition, Ms. Hatfield contends that she used the second right-to-sue letter to calculate the limitations period for filing the complaint in this matter.[16]  Sandro Polledri, Formato's current attorney, states that he found the first right-to-sue letter and Attorney Hatfield's email to Formato in September or October 2020.[17]  After his discovery of the first right-to-sue letter, Mr. Polledri met with Ms. Hatfield to

---

[11]   Doc. 31 at 11; Doc. 32 at 4.
[12]   *See* Doc. 31 at 12; Doc. 32 at 5.
[13]   Doc. 31 at 12; Doc. 32 at 5.
[14]   Doc. 31 at 11; Doc. 32 at 4.
[15]   Doc. 26-1 at ¶ 12.
[16]   *Id.* In other words, she believed the ninety-day window began on October 7, 2019.
[17]   Doc. 26 at 3.

confirm the series of events.[18]  On January 5, 2021, Attorney Polledri notified the Court of the foregoing.[19]

## III.    DISCUSSION

Formato moves to apply equitable tolling because her complaint was filed after the relevant limitations period.  She argues that Attorney Hatfield's erroneous reliance on the second right-to-sue letter is an extraordinary circumstance that justifies equitable tolling.  Defendant argues that equitable tolling is improper because Ms. Hatfield's reliance is an example of garden variety neglect, not an extraordinary circumstance.

A plaintiff must exhaust her administrative remedies before she can bring a Title VII action.[20]  Title VII prohibits employment discrimination on the basis of race, color, religion, sex, and natural origin.[21]  If the EEOC decides not to pursue a matter after reviewing a complainant's charge of discrimination, it issues a right-to-sue letter.[22]  The complainant may then file a lawsuit within ninety days of "when either the claimant or her attorney receives a right-to-sue letter, whichever is earlier."[23]

---

[18]  *Id.* at 3-4.
[19]  *Id.* 26 at 1.
[20]  *See Williams v. Pennsylvania Human Rel. Comm'n*, 870 F.3d 294, 298 (3d Cir. 2017) (citing 42 U.S.C. § 2000e-5(f)(1)).
[21]  *See* 42 U.S.C. § 2000e; *Ricci v. DeStefano*, 557 U.S. 557, 577 (2009) (citations omitted).
[22]  *See Williams*, 870 F.3d at 298.
[23]  *Seitzinger v. Reading Hosp. and Medical Center*, 165 F.3d 236, 239 n.1 (3d Cir. 1999).

The ninety-day time limit "is akin to a statute of limitations rather than a jurisdictional bar. Therefore, the time limit is subject to tolling."[24]  A court may apply equitable tolling (1) "when a claimant received inadequate notice of her right to file suit," (2) "where a motion for appointment of counsel is pending," (3) "where the court has misled the plaintiff into believing that she had done everything required of her," (4) "when the defendant has actively misled the plaintiff," (5) "when the plaintiff 'in some extraordinary way' was prevented from asserting her rights," or (6) "when the plaintiff timely asserted her rights in the wrong forum."[25]  A plaintiff bears the burden of demonstrating that equitable tolling is warranted.[26]

In Title VII cases, equitable tolling does "not extend to what is at best a garden variety claim of excusable neglect by an attorney."[27]  Further, "mere negligence by an attorney is not generally found to rise to the extraordinary circumstance required for equitable tolling."[28]  Simply missing a deadline, without more, is not an example of an extraordinary circumstance sufficient for equitable

---

[24]  *Id.* at 239-40.

[25]  *Id.* at 240 (citations omitted). The Court's analysis focuses on the fifth circumstance as it is the one that the parties appear to address in their briefing and the only circumstance relevant in this matter.

[26]  *Courtney v. La Salle Univ.*, 124 F.3d 499, 505 (3d Cir. 1997); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

[27]  *Seitzinger*, 165 F.3d at 241 (internal quotation marks omitted); *see also D.J.S.-W. by Stewart v. United States*, 962 F.3d 745, 750 (3d Cir. 2020).

[28]  *Rockmore v. Harrisburg Prop. Serv.*, 501 Fed. Appx. 161, 164 (3d Cir. 2012) (internal quotation marks omitted).

tolling.[29]  For example, in *Baker v. Office Depot, Inc.*, the plaintiff's attorney

missed the deadline to file a charge of discrimination with the EEOC.[30]  On appeal,

the *Baker* panel held that the attorney's mistake was an example of garden variety

neglect.[31]  The panel added that this sort of "[m]ere inadvertence is simply not

enough" to constitute an extraordinary circumstance required for equitable

tolling.[32]

　　　　In contrast with the *Baker* panel, in *Seitzinger v. Reading Hosp. and Medical

Center*, the Third Circuit held that equitable tolling may be appropriate if a client

persistently questions their attorney regarding the filing of a complaint and the

attorney affirmatively misrepresents that the complaint has been filed.[33]  The court

differentiated this extraordinary circumstance from a circumstance of garden

variety neglect where an attorney is merely absent from the office when the right-

to-sue letter is delivered.[34]  In addition, the Third Circuit, in *Kocian v. Getty*

*Refining & Marketing Co.*, suggested that "bureaucratic delay" may also support

equitable tolling.[35]

---

[29]  *See Baker v. Office Depot, Inc.*, 115 Fed. Appx. 574, 577 (3d Cir. 2004).
[30]  *Id.* at 575.
[31]  *Id.* at 577.
[32]  *Id.* (internal quotation marks omitted).
[33]  *Seitzinger*, 165 F.3d at 237-38.
[34]  *Id.* at 241.
[35]  *Kocian v. Getty Refining & Marketing Co.*, 707 F.2d 748, 754-55 (3d Cir. 1999), *abrogated other grounds as recognized by Green v. Mabus*, 362 Fed. Appx. 319, 322 (3d Cir. 2010).

The principle of equitable tolling cannot extend to this case because Ms. Hatfield's mistake is an example of garden variety neglect. Attorney Hatfield may have erred in calculating the deadline to file because she inadvertently relied on the second right-to-sue letter in determining the limitations period. This error, like the attorney's calculation error in *Baker*, is not an extraordinary circumstance sufficient for equitable tolling. In mistakenly relying on the second right-to-sue letter, Ms. Hatfield did not affirmatively misrepresent anything to her client. And Ms. Hatfield's absence from the office on the day that the first right-to-sue letter was delivered does not elevate the case to an extraordinary circumstance sufficient for equitable tolling. Her miscalculation remains an example of garden variety neglect.[36]

Formato argues that this case constitutes an extraordinary circumstance sufficient for equitable tolling because the EEOC sent a second right-to-sue letter that Ms. Hatfield did not receive until October 7, 2019, and that this is why the complaint was filed late.[37] But her attempt to blame the EEOC for her attorney's mistakes ignores the fact that Attorney Hatfield received <u>the same letter</u> twelve days earlier. The EEOC issued the right-to-sue letter on September 24, 2019, and

---

[36] In her reply brief, Formato argues that she was diligent in pursuing her claim in part because she was in contact with counsel during the fall of 2019. *See* Doc. 33 at 5-7. The Court does not address this argument because the lack of an extraordinary circumstance is fatal to Formato's motion. *See Seitzinger*, 165 F.3d at 240.

[37] *See* Doc. 31 at 17.

Ms. Hatfield received a copy of the letter two days later.[38]  Her receipt of the

second copy of the letter was just additional notification of Formato's right to

sue.[39]

Formato next contends that equitable tolling is appropriate because there is

no prejudice to Mount Airy.[40]  She asserts that "there is no prejudice to Defendant

because it had prior actual notice of Plaintiff's claims."[41]  However, prejudice is

not the touchstone of this analysis; a lack of prejudice alone is not sufficient for

equitable tolling.[42]  "Although courts may not rely on lack of prejudice as a

determinative factor, *once* a factor that might justify equitable tolling is identified,

prejudice is a factor to be considered."[43]  Formato has not identified an

extraordinary circumstance that might justify equitable tolling.  Therefore, the

Court cannot rely on a lack of prejudice to Mount Airy as a determinative factor in

this analysis.

Finally, Formato asserts that equitable tolling is justified because she has a

meritorious claim.  She argues that in "considering this motion, the Court should

also consider that Defendant's own investigation concluded that [Formato's former

---

[38]  *See* Doc. 26-1.
[39]  *See, e.g.*, *Santini v. Cleveland Clinic Fla.*, 232 F.3d 823, 825 (11th Cir. 2000) (As a matter of
law, receipt of a second EEOC Notice does not constitute grounds for equitable tolling where
a party has actual knowledge of the first Notice.").
[40]  Doc. 31 at 18.
[41]  Doc. 31 at 19.
[42]  *Seitzinger*, 165 F.3d at 241-42.
[43]  *Id.* (emphasis added).

supervisor] in fact sexually harassed Plaintiff."[44]  Formato went on to argue that Defendant's suspension of the former supervisor not only establishes a strong case for liability, but that "her contemporaneous medical treatment shows that she suffered damages due to the harassment."[45]

Attorney Hatfield's error is unfortunate given the alleged incidents and harm.  However, the extraordinary circumstance analysis for equitable tolling requires an attorney mistake that goes beyond garden variety neglect.  Formato has not cited any cases to suggest that the merits of a claim can factor into whether the attorney's negligence constitutes an extraordinary circumstance.[46]  The Supreme Court of the United States has instructed that sympathy for a plaintiff is not an adequate justification for ignoring limitation requirements.[47]

In short, Formato has failed to meaningfully engage with the prerequeisites for equitable tolling.  She never directly identifies what extraordinary circumstance justifies tolling. She never cites to case law that supports the notion that tolling would be valid here.  And her arguments that there is no prejudice to Mount Airy and that she has a valid claim do not address the factors this Court must consider before tolling the ninety-day window.  Thus, equitable tolling is not an appropriate option.

---

[44] Doc. 31 at 19.
[45] *Id.* at 20.
[46] *See* Doc. 31 at 19.
[47] *See Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) (per curiam).

## IV.    CONCLUSION

Formato argued that Ms. Hatfield's reliance on the second right-to-sue letter is an extraordinary circumstance that justifies equitable tolling.[48]  But an attorney's garden variety neglect, like Ms. Hatfield's error, does not constitute an extraordinary circumstance.  Therefore, Formato's motion to apply equitable tolling is denied.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[48]    *See* Doc. 31 at 17.